## H. K. PUSEY, ET AL., *v.* MEADE COUNTY.

**Suit against a County.**

Persons contracting with commissioners appointed to act for the county are bound at their peril to know the extent of their authority to contract.

**Action of Levy Court Necessary to Bind County.**

The county cannot bind itself for the erection of a bridge except through the action of the levy court, evidenced by orders of record; but such court may render the county liable for extras on such bridge making the structure cost more than the original contract price, by ratifying recommendations for such extras made by its commissioners, and the county thus become liable to pay for such extras.

### APPEAL FROM MEADE CIRCUIT COURT.

May 8, 1879.

OPINION BY JUDGE HINES:

No substantial reason is perceived why an action may not be brought against a county eo nomine. The provision of the statute that an appeal may be had to the circuit court from the rejection of a claim by the levy court is not exclusive, and has never been so con-

strued by this court. In the case of *Pusey & Somers v. Meade County,* January 25, 1877, this court, by necessary implication, held such a proceeding against the county appropriate. The statutory remedy should be held as cumulative only.

The petition and exhibits show that the original contract between the county and appellants limited the county's liability to $800, and that for the remainder of the contract price appellants were to look to private subscription. That the commissioners appointed to act for the county had no other authority, by virtue of the order of appointment, is clear. Their agency was limited, and the limitation is conclusively presumed to have been known to appellants. It may also be conceded that the county cannot bind itself in such cases, except through the action of the levy court, evidenced by orders of record. The court below sustained a demurrer to the petition, and evidently upon the idea that it set forth no such enforcible contract.

The facts are that the commissioners, who under direction of the court closed the contract for the erection of the bridge, finding that if completed according to the specifications it would be comparatively worthless, by written direction to appellants caused material alterations to be made. On the completion of the bridge according to these directions the commissioners reported in writing to the levy court the alterations made at their suggestion, the necessity for making them, and recommended that appellants should be paid for this extra outlay. This report was approved in general terms by the court with directions to pay the $800, original contract price, the bridge received by the court, but nothing said in the order as to pay for the extra work done under the directions of the commissioners.

On the refusal of the court to pay for this work any further sum than the $800, this action was brought against the county, demurrer sustained to the petition, and an appeal to this court. The approval of the report was not partial, but of all its facts, and amounted to an express ratification of all that had been done by the commissioners, and is as binding upon the court as if the alterations in the original plan had been previously directed by order of court. It cannot be questioned that a specific order of the court for these alterations and a completion in compliance with such order would have rendered the county liable for the value of such improvements or alterations. The original contract stands upon its own terms, but the extra work done under directions of the commissioners, approved and accepted by the court, constitutes a new contract upon which the county is

liable in the same way and to the extent as it would have been if there had been no other contract between the county and the contractors. It is not essential that the price should have been agreed upon prior to the doing of the work or at any other time. The county is liable for its value, and upon this an issue should have been found and submitted to the jury. The impracticability of enforcing a personal judgment against the county necessarily arises here. If it should be determined that the extra work has been done, and that the county is liable therefor, it will then be time enough for appellants to determine upon a method for enforcing payment.

Wherefore the judgment is *reversed,* and cause remanded with directions to overrule the demurrer to the petition and for further proceedings consistent with this opinion.

*W. H. Chelf, James Montgomery, for appellants.*
*Lewis & Fairleigh, for appellee.*